TORRIER TOLLENSON, *Plaintiff in Error*,

*vs.*

OLE GUNDERSON, *Defendant in Error*.

ERROR TO THE DANE COUNTY COURT.

When A has purchased land of B, and B attempts to convey the land by deed, but the instrument is so totally defective as to want all of the essentials of a deed, and conveys nothing; and afterwards B conveys the land to another, A may have his action of assumpsit, as for money had and received, for the purchase money paid by him.

The rules of the County Court require that where the action is founded upon an account, a copy thereof must be filed as a bill of particulars, and if the action be founded upon a written instrument, a copy of such instrument must be filed with the declaration. If this is not done, such instrument cannot be given in evidence.

This was an action of assumpsit, brought by Torrier Tollensen, against Ole Gunderson, in the County Court of Dane county, at the May term thereof, 1853, to recover the sum of $110, and interest thereon, money had and received by the defendant, to and for the use of the plaintiff, on the 27th day of November, 1849.

The defendant pleaded the general issue, and a special plea of set off, and filed a bill of particulars of such set off, upon which issue was taken. The cause was tried before the County Court at the same term aforesaid. The County Court found, for the defendant, and rendered judgment against the plaintiff for costs. The plaintiff in error moved the court to set aside the finding and judgment, and to grant a new trial, mainly upon the ground that the same was contrary to law and evidence, and that the court

8

admitted improper evidence for the defendant on the trial.

The motion for a new trial was overruled, and an exception taken to the ruling thereon, and judgment accordingly rendered for the defendant for costs. To reverse this judgment, error is brought to this court.

The evidence given on the trial—the motion to set aside the finding of the court, and grant a new trial—the ruling of the court below thereon, and the exception thereto, are incorporated in a bill of exceptions, from which enough is here stated to indicate the points decided by the court, and on which the decision of the case is based.

The declaration of the plaintiff below, was in the common counts of *indebitatus assumpsit*, for money had and received by the said Ole Gunderson, defendant, to and for the use of the said plaintiff, to which the defendant pleaded the general issue, and a special plea of set off, upon which issue was joined.

The issue so joined, came on to be tried by the court, (a jury not having been demanded,) when the plaintiff offered in evidence, the following instrument, in writing, in words following :

" This indenture, made the twenty-seventh day of September, in the year of our Lord, one thousand eight hundred and forty-nine, between Ole Gunderson and Euson Gunderson, his wife, of the county of Dane and State of Wisconsin, of the first part, and Torrier Tollenson, of the county of Dane and State of Wisconsin, of the second part, witnesseth, that the said parties of the first part, for and in consideration of the sum of one hundred and ten dollars, in hand paid, by the said party of the second part, the receipt whereof is hereby ack-

nowledged, have remised, released, sold, conveyed, and quit claimed, and by these presents doth remise, release, sell, convey and quit claim, unto the said party of the scond part, his heirs and assigns forever, all the following described lot or parcel of land, situate, lying and being in Dane county and State *aforesaid, and known and designated as the northeast quarter of the west half, containing twenty acres, and the west half of northeast quarter, containing twenty acres of land, be the same more or less, according to State survey.*"

" To have and to hold the same, together with all and singular, the privileges and appurtenances belonging, or in any wise appertaining, and all the estate, right, title, interest and claim, whatsover, of the said parties of the first part, either in law or in equity, in and to the above described premises, to the only proper use, benefit and behoof of the said party of the second part, his heirs and assigns forever. And the said parties of the first part, for the above named heirs, executors and administrators, do covenant and agree to and with the said parties of the second part, heirs and assigns, that they will warrant and forever defend the aforesaid premises to be free and clear of all claim or claims of all and every person or persons claiming, or to claim, the whole or any part thereof, by, through or under them, and none other.

" In witness whereof, the said parties of the first part have hereunto set their hands and seals the day and year first above writen.

" Sealed and delivered in presence of

" WILLIAM ANDERSON.

" OLE GUNDERSON,          [*seal.*]

" LORAAND her X mark OBSDATTER,   [*seal.*]

" LONI her X mark OBSATTER."     *seal.*]

"STATE OF WISCONSIN, } ss.
    "Dane county.                }

"Be it remembered, that on the 27th day of September, A. D., 1849, before the undersigned, a Justice of the Peace, in and for said county, personally came the above named Ole Gunderson and Euson, his wife, and acknowledged that we have executed this deed for the purposes therein mentioned.

"JOHN COTTRELL,
            "Justice of the Peace."

Which instrument or writing was endorsed, as duly recorded in the office of the Register of Deeds of Dane county, February 27th, 1850.

John Cottrell was then sworn as a witness, who testified, that he was the justice who drew, and before whom the said deed was acknowledged. The witness was then asked : "What land the parties instructed him to put into the deed?" which question was objected to, but the objection being overruled, he answered; that the land intended to have been conveyed by the said deed, was the west half of the west half of the northeast quarter of section fifteen, in town eight north, of range ten, in Dane county. He further testified that there was no money paid in his presence; that the defendant acknowledged that he had received his pay, all but seven dollars and sixty-one cents. The deed was read in evidence.

John B. Sweat was then sworn, who testified that he was Register of Deeds for Dane county, and produced the record of the deed of said west half of the west half of the north east quarter of section fifteen, town eight north, of range ten, from the defendant to one Halvor Hooverson, duly executed and acknowledged, which deed was dated March 17,

1852, and recorded March 19, 1852. The defendant objected to the reading of the record in evidence, but the objection was overruled and the same was read.

Another witness testified, that he knew of the plaintiff paying the defendant about sixty-five dollars, about six years ago ; he thought in 1847 ; it was paid for land. He agreed to do some fencing for the defendant, but did not do it, because he could not get the land. After he bought the land, he built a cabin upon it. He was to build a sod fence in part consideration ; he lived on the premises two or three months.

There was some evidence introduced on the part of the defendant, tending to rebut that on the part of the plaintiff, and some tending to prove a set-off to the plaintiff's demand, which it is not necessary here to state, as it bears no relation to the points on which the opinion of the court is based.

*S. H. Roys* for the plaintiff in error:

1. The evidence in this case shows, that in November, 1849, the plaintiff paid to the defendant $110, as purchase money, for the west half of the west half of the northeast quarter of section fifteen, town eight, range ten, in Dane county, Wisconsin ; that at the same time the defendant and his wife undertook to execute a deed of such land to the plaintiff, but through the mistake of the justice who drew the deed, no land was conveyed ; that subsequent to the date of said deed, and before this action was brought, the defendant conveyed the same land to a stranger, and thereby precluded the plaintiff from obtaining the land of the defendant. In such case

the defendant ought, in justice and equity, to pay back the money which he had received of the plaintiff for the land, and the action of assumpsit, for money had and received, is maintainable to recover it. 6 *Wend.* 290, 13 *id.* 488; 1 *Har. & Gill.* 258; 3 *Shep.* 45; 17 *Maine R.* 396; 3 *Pick.* 20, 14 *id.* 424, 1 *Dall.* 428, 2 *McLean,* 495.

2. The evidence admitted by the court below, for the defendant, is objectionable under the plea of set-off, and under the general issue, and only amounts, at most, to unliquidated damages, and trespass upon lands, both of which are inadmissible under the plea of set off, (R. S. 505.) Therefore, such evidence should have been rejected, and the plaintiff should have had judgment for the amount of money paid to the defendant, and acknowledged in the deed above mentioned. The court should have set aside its finding and judgment, and granted a new trial; and because this was not done, the judgment should be reversed and a *venire de novo* awarded. *Graham on N. T.,* 237–240 ; 1 *Chand.* 195, 2 *id.* 159 ; 3 *Scam.* 48 ; 2 *Bibb.* 211–213 ; 1 *Blackf.* 21–29; 5 *id.* 103; 6 *id.* 479.

*Knapp & Frink,* for the defendant in error.

On the case shown by the bill of exceptions, the evidence on the part of the plaintiff was improperly admitted, he having neglected to file with his declaration a copy of the instrument, upon which he sought to recover. *County Court Rules, page* 10–11; *Rules* 405, *Burrill's Pr.* 432.

When the parties have reduced their contract to writing, the instrument itself must be resorted to for the measure of their liability. 14 *Maine,* 135–137. If, therefore, the plaintiff was entitled to recover at

all, in this action, it was on the deed, because that shows the amount paid by him to the defendant; and to entitle himself to read the same in evidence on the trial, he should have filed a copy thereof with his declaration. *C. Court R. p.* 11, *R.* 5.

If the defendant is liable to the plaintiff, it is for the money paid him by Hooverson for the land.

The money was paid by the plaintiff voluntarily; there is no proof that the defendant acted in bad faith, and the court must leave the parties where it finds them. 14 *Maine,* 135 ; 1 *Mass.* 65; 4 *Greenl.* 101; 2 *Johns. Ch. R.* 523.

Money paid with a knowledge of the facts or with the means at hand to obtain such knowledge, cannot be reclaimed. 15 *Maine, Martin vs. Morgan, Brod. & Bing.* 87; 1 *Wend.* 185 ; nor under a mistake of facts, if the party paying has derived a substantial benefit, for he is not *ex equo et bono* entitled to recover. 15 *Maine* 46; 2 *Greenl. Ev.* § 123.

The deed to Hooverson does not affect the plaintiff's title to the land, and if by the deed running from the defendant to the plaintiff, the latter acquired any rights as against the former, he could not maintain an action to recover back the purchase money until an actual eviction had taken place by some one holding under the defendant by a superior title. 4 *Kent.* (5 *Ed.*) 471; 1 *Mass.* 464.

In the absence of fraud, misrepresentation or deceit, if the grantee accept a deed without covenants, and the title is bad, he cannot recover back the consideration money. *Emerson vs. Washington,* 9 *Maine* 88 ; 2 *Caine's R.* 188; 2 *Johns. Ch. R.* 523.

If the deed to the plaintiff conveys nothing, and it is out of the power of the court of equity to compel

the parties to rectify their mistake, they must fall back on their contract to determine their relative rights.

The rule · of *caveat emptor* applies to the vendee of title, to the realty, and reasoning from analogy, does not the same rule apply with equal if not greater force, to the instrument by which that title is conveyed.

*By the Court*, CRAWFORD, J. We entertain no doubt that the plaintiff in this case, in the court below, (who is plaintiff in error here,) could maintain an action for money had and received, against the defendant, for the consideration paid by him on the purchase of the land intended to be conveyed by the instrument, which was executed by the defendant and read in evidence on the part of the plaintiff on the trial in the County Court, and the reason is that he received nothing in return for his money— not even a *deed*, for the lands which he purchased, because the instrument referred to did not possess the essentials of a *deed*, and was in law a mere nullity.

The cases to which we have been referred by the counsel for the defendant in error, only established the doctrine that where a party has received a *valid deed* of conveyance of lands, without covenants, and the title to the land fails, the grantee cannot recover back the consideration, and this is because he should have informed himself of the state of the title, or protected himself by proper covenants in the deed. (*See Soper vs. Stevens*, 14 *Maine R.* 133; *Norton vs. Marden*, 15, *Maine. R.* 45; *Emerson vs. The County of Washington*, 9 *Maine R.* 88.)

The contract, and indeed all the testimony introduced on the part of the defendant below was inadmissible under the issue joined in the case.

We can perceive nothing in the case to which the contract would apply, and the testimony showed nothing that could be deemed the subject of a set off.

But upon looking into the record we find that the declaration contains only an *indebitatus* count for money had and received, and there was no bill of particulars of demand filed. The rules of the County Court require that where the action is founded on an account, in whole or in part, a copy thereof must be filed as a bill of particulars, and if the action be founded upon any written instrument, in whole or in part, a copy of such instrument must, in like manner, be filed with the declaration. The object of these provisions is to inform the defendant of the matters in which he is called upon to make a defense. In this case the plaintiff in the action should have filed some bill of particulars of his demand, and as this was not done, we think the instrument which he offered, and which was admitted as evidence against the objection of the defendant, ought to have been excluded.

In this view of the case, although the court committed an error in admitting the testimony offered by the defendant, we must conclude that the judgment was properly rendered in favor of the defendant, and the judgment is therefore affirmed, with costs.