PATRICK WALSH, Appellant,

*vs.*

PHŒBE BLATCHLEY and JOHN HENRY DART,
Respondents.

### APPEAL FROM THE MARQUETTE CIRCUIT COURT.

The endorsement of the *first* of a set of bills, carries with it the *second* and *third*.

Either of the set may be presented for acceptance, and if not accepted, a right of action arises, upon due notice, against the endorser.

A delay of the mail is a sufficient excuse for the omission to immediately present a bill for acceptance; and a presentation immediately after its reception, is in time to charge the endorser.

Under a count upon the *first* of a set of bills, the *second* may be given in evidence, duly presented and dishonored, and *vice versa*

*Quaere.* If it is a good defense, by the endorser, that the endorsement was made on Sunday?

The plaintiff declared in trespass on the case upon promises, for money lent; money laid out and expended; money paid, and received by the defendants for the use of the plaintiff, &c.; and gave notice of the cause of action, the endorsement by defendants, upon the bill of exchange, copied, and served with the declaration as follows:        "Express Exchange Office,
     "Adams & Co.        "Downieville, San Francisco.
        "Exchange for $250.                    Oct. 6, 1854..
                         "No. 9,917."
     "At sight of this 2d of exchange,—first and third unpaid—
"pay to the order of Phoebe Blatchley, two hundred and fifty
"dollars value received, and place to account of exchange.
                                             ADAMS & Co.
     "To Messrs. Adams & Co., New York,
                    "(Countersigned,)
          "S. W. Langworthy, C. B. Macy, Agents."
     Endorsed by Phœbe Blatchley to Henry Dart or order, and

by J. Henry Dart to P. O. Strang or order, and by Strang to P. Walsh or order.

The defendants plead the general issue; and by mutual agreement of counsel, the cause was tried before the circuit judge, without the intervention of a jury, who found, and reported in writing with his decision, the facts and conclusions, as recited in full in the opinion of the court herein.

*Orton, Hopkins and Firman,* for appellant.

1st. The set are one bill, and all pass by endorsement of either. *Durkin vs. Cranston,* 7 J. R., 442; *Downes et al. vs. Church,* 13 Peters, 205; *Edwards on Bills,* &c., 161–4; *Ingraham vs. Gibbs,* 2 Dall., 134; *Haldsworthy vs. Hunter,* 10 B. & C., 449.

2d. Indorsement presumed to have been made contemporaneous with the bill. *Pinkerton vs. Bailey,* 8 Wend., 600.

3d. Indorsement not void as having been made on Sunday. *Moore vs. Kendall,* 1 Chandler, 39; *Smith vs. Sparrow,* 4 Bing, 84.

*Smith and Keyes* for Respondents.

This action was brought against the endorsers on a bill of exchange. The declaration consisted of the common counts, and a copy of the bill of exchange appended to it. This being the case, the bill of exchange became a part of the declaration, and the plaintiff was properly confined to that cause of action on the trial. *Cooper vs. Blood,* 2 Wis. Rep., 62.

This bill was endorsed on Sunday, and it was therefore void, and no action could be maintained upon it. "A contract or agreement made on Sunday will not be enforced in a court of law." *Hill vs. Sherwood,* 3 Wis. Rep., 343.

Such being the law, the decision of the case below was correct, and should not be reversed.

*By the Court,* COLE, J. This case was tried by the court without the intervention of a jury, and the judge found the following facts:

First, That the action is brought upon the Bill of Exchange introduced in evidence, and described in the plaintiff's declaration. That this bill, which is the second of the set, was endorsed by the defendants on a Sunday.

Second, That the first of the set was sold by defendants to plaintiff about the 1st of January, 1855. That the plaintiff without delay, sent the same by mail to his correspondent in New York city, the residence of the drawee, for presentation for payment. That by some delay in the mail the letter did not reach New York until the 9th of April following, at which time, the letter, with enclosure was duly received by the said correspondent. That the bill was not presented for payment.

Third, That in the last of March, the plaintiff, fearing the said first bill was lost, procured the defendants to endorse and deliver to him the second of this set, and had it presented on the third day of April following for payment, to the drawee, and payment was refused. The bill was duly protested, and proper notice given to the defendants who were endorsers.

The conclusions of law which the court drew from these facts, were, " 1st, That the liability in this action, if any at all, is upon the second bill of the set, and not on the first; 2d, That because the said bill was endorsed on Sunday, that therefore such endorsement was absolutely void."

We have examined with considerable care the authorities, and have not been able to find a case precisely like the present, although it would seem as if the point must have frequently arisen in the courts in this country, and in England. The case of *Perreira vs. Jepp*, *et. al.*, cited in a note on page 449, *ial.* B. and C., would seem to have a strong bearing upon the case at bar. It was there held that he to whom any part of the set is *first* transferred, acquires a property in *all* the other parts, and may maintain trover even against a *bona fide* holder, who subsequently, by transfer, or otherwise, gets possession of another part of the set. That is, deciding that the first endorsement or one of the set vests in the endorsee the absolute right to the possession of the whole set. And we suppose it would follow, from this doctrine that the endorsement of the second in this

Walsh vs. Blatchley, et al.

case was entirely unnecessary. The liability of the indorser arose from endorsing the first of the set for value. We think her liability was not increased one jot or tittle by endorsing the second of the set. Suppose she had endorsed all of them in January, at the time she endorsed the first, is it not obvious that her liability would not have been different from what it is? It is conceded that the endorsement of the first was good, and this endorsement was entirely adequate to carry with it the second and third. (See Edwards on bills, 304 and 162; *Holdworth vs. Hunter*, 10 B. C., 449; *Kenworthy vs. Hopkins*, 1 John. Cas., 107.) Either of the set may be presented for acceptance, and if not accepted, a right of action arises upon due notice, against the endorser. *Downes and Co. vs. Church*, 13 Peters, 205. The bill upon which the protest was made, was declared on and produced, and it also appeared that the first had not been presented for payment. The court says, and we think properly and correctly, that if the first had been presented for payment and protested, even as late as April 9th, that upon proper notice the endorser would have been held, for the delay in the mail would have been a sufficient excuse for the apparent neglect in not presenting it for acceptance before. The case might have been relieved from all doubt or difficulty, had the endorsee declared upon the first of the set, and produced on the trial the second, which had been presented for acceptance and dishonored. *Wells vs. Whitehead*, 15 Wend., 527. This he did not see fit to do, but we think he was entitled to recover even as the facts appeared before the court.

The judgment is reversed, and a new trial ordered.