# MELCHOIR VS. MCCARTY.

*Contract void as contrary to law. — Effect of subsequent promise. — Sale of liquors on Sunday, and without license.*

1. It is a general rule that contracts are void which are repugnant to justice, or founded upon an immoral consideration, or which are against the general policy of the common law, or contrary to the provisions of any statute (even where such statute does not expressly declare them void); and that a party who is obliged to trace through such a contract his right to a debt alleged to be due him, cannot recover.

2. Certain exceptions to the general rule stated *per* LYON, J.

3. The sale of intoxicating liquors without license, or on Sunday, is prohibited by the laws of this state (Tay. Stats.; ch. 35, secs. 5, 20, and ch. 183, sec. 6); and in either case an action for the price of such liquors cannot be maintained on the original contract of sale.

4. As a general rule, in an action upon *an account stated*, the defendant's promise to pay, or acknowledgment of indebtedness, must be shown to have had reference to a legal liability then existing, or to a moral obligation founded on an extinguished legal liability. *Frey v. Fond du Lac*, 24 Wis., 204.

5. This rule applies to an account stated for intoxicating liquors sold *without license*, in violation of law; and no recovery can be had in such a case.

6. But the rule is not applied to an account stated, or subsequent promise to pay, for goods *sold and delivered on Sunday;* and a recovery may be had on a promise to pay for liquors sold on that day, such promise being made on a day other than Sunday, and the sale not being unlawful for any other reason.

APPEAL from the Circuit Court for *Trempealeau* County. The complaint states but a single cause of action, which is upon an *account stated*. The answer, among other defenses, avers that any claim which the plaintiff may have against the defendant arose from the sale and delivery to him by the plaintiff, of spirituous and intoxicating liquors, all of which were so sold and delivered on Sunday; and further, that when the plaintiff sold and delivered the same, he had no license so to do, as required by law. The action was commenced in a justice's court, where the plaintiff recovered. The defendant ap-

pealed to the circuit court, and, on the trial in the latter court, offered testimony to prove the averments of his answer as above stated. The court rejected such testimony. The plaintiff had a verdict and judgment, and the defendant appealed from the judgment.

*Utter & Robinson,* for appellant:

1. "A contract or agreement made on Sunday will not be enforced in a court of law." *Hill v. Sherwood,* 3 Wis., 343. "A covenant is void, though it has a new and legal consideration, provided it is also founded upon the original illegal contract." *Gray v. Hook,* 4 Coms., 449. And a settlement or liquidation of an account is not more sacred than a covenant. 2. "One who sells liquor without a license, in violation of the excise law, cannot recover against the purchaser." *Griffith v. Wells,* 3 Denio, 226. The court will not lend its aid to enforce a contract which grows out of or is connected with an illegal act. *Barton v. Ft. Jackson P. R. Co.,* 17 Barb., 397; *Rose v. Truax,* 21 id., 361; Chitty on Con., 657, and cases there cited. "Every new agreement entered into for the purpose of carrying into effect any of the unexecuted provisions of a previous illegal contract is void." *Gray v. Hook, supra. "Ex turpi contractu actio non oritur,* is a maxim both in law and equity." 4 Coms., 455; 4 Hill, 424; 6 Cond. R., 298; 11 Wheat., 258.

*B. E. Clark* and *S. W. Button,* for respondent:

1. A party will not be allowed to go back of a settlement duly made, by proof, unless he plead fraud or mistake in such settlement, or satisfy the court that great injustice has been done. *Leaycraft v. Dempsey,* 15 Wend., 84; *Bruen v. Hone,* 2 Barb., 592; 48 id.,302; *Hager v. Thomson,* 1 Black, 80; *Martin v. Beckwith,* 4 Wis., 219. An account stated is in the nature of a new promise. Cow. Tr., 479; 1 Johns., 36. The original form or evidence of the debt is of no importance, under a count for an account stated; for the stating of the account alters the nature of the debt. 2 Greenl. Ev. (10th ed.), § 127; 2 Term, 479, 482, 483. Even if the original account was void

by the statute of frauds, or the stamp act, or if the items of the account were for rent secured by specialty, yet if, after the agreement is executed, there be an actual accounting, and a promise, express or implied, to pay, it is sufficient. 2 Greenl. Ev., *supra;* 3 C. & P., 170; 4 Bing., 459; 12 Johns., 227. The stated account is conclusive upon the parties, unless fraud or mistake are shown.   48 Barb., 302.

LYON, J.   The general rule of law is, that all contracts which are repugnant to justice, or founded upon an immoral consideration, or which are against the general policy of the common law, or contrary to the provisions of any statute, are void; and that, if a party claiming a right to recover a debt is obliged to trace his title or right to the debt through any such illegal contract, he cannot recover, because he cannot be allowed to prove the illegal contract as the foundation for his right of recovery.   It is quite immaterial whether such illegal contract be *malum in se,* or only *malum prohibitum.*   In either case the maxim, *ex turpi causa non oritur actio,* is applicable. And a contract in violation of a statute is void although the statute fails to provide expressly that contracts made in violation of its provisions shall not be valid.   It is sufficient that it is prohibited, and its invalidity follows as a legal consequence.

The cases which affirm these principles are very numerous and uniform.   We will cite but a few of them.   *Swartzer v. Gillett,* 1 Chand., 207; *Kellogg v. Lakin,* 3 id., 133; *Bryan v. Reynolds,* 5 Wis., 200; *Fay v. Oatley,* 6 id., 42; *Maxwell v. Reed,* 7 id., 582; *Ætna Ins. Co. v. Harvey,* 11 id., 394; *Miller v. Larson,* 19 id., 463; *Phalen v. Clark,* 19 Conn., 421; *Finn v. Donahue,* 35 id., 216; *Gray v. Hook,* 4 Coms., 449; *Nellis v. Clark,* 4 Hill, 424; *Mills v. Rice,* 6 Gray, 458; *Dodson v. Harris,* 10 Ala., 566; *Pepper v. Haight,* 20 Barb., 429; *Martin v. Wade,* 37 Cal., 168; *Hoover v. Pierce,* 27 Miss., 13; *Day v. McAllister,* 15 Gray, 432; *Toler v. Armstrong,* 4 Wash. C. C., 297.

There are, however, exceptions to the rule that a party cannot recover upon an illegal contract, the grounds of which are thus stated by Lord MANSFIELD in *Clarke v. Shee*, 1 Cowper, 197 : " There are two sorts of prohibitions enacted by positive law in respect of contracts. 1st. To protect weak or necessitous men from being overreached, defrauded or oppressed. There the rule, *in pari delicto potior est conditio defendentis*, does not hold, and an action will lie; because, where the defendant imposes upon the plaintiff, it is not *par delictum ;* " and he instances, as an illustration, the case of a bankrupt, who pays money to a creditor in consideration that such creditor sign his certificate. In such case, although the bankrupt is a party to the illegal transaction, he may maintain an action to recover back the money so illegally paid, because he is the oppressed party and not equally guilty with the other. On the same principle, actions have been sustained by wards against guardians, and by clients against attorneys, to set aside executed illegal contracts, where the guardians or the attorneys had taken advantage of the fiduciary relation to impose upon and mislead their wards or clients.

On the same principle, also, statutes against usury frequently give the borrower an action against the lender to recover back the usury which he has paid. Laws of 1859, ch. 160, sec. 3.

II. The selling of intoxicating liquors without license, or on Sunday, is prohibited by law. Taylor's Statutes, ch. 35, secs. 5 and 20; and ch. 183, sec. 6. Such contracts are not within the exceptions to the general rule above stated. Hence, were this an action on the original indebtedness, the plaintiff could not recover were it made to appear that the debt was for the price of liquor sold without license, or sold on Sunday.

But the action is not, in form, for the original indebtedness, but is upon an account alleged to have been subsequently stated by and between the parties; and it is claimed that the plaintiff is not compelled to resort to the illegal contract to maintain his action, but only to the account stated, which is said to be in the

nature of, or equivalent to, a new promise.  *Homes v. De Camp*, 1 Johns., 34.

III.   This brings us to inquire as to the effect of stating an account, or, what seems to be the same thing, of a new promise, based upon an original illegal contract.   Greenleaf, in his Treatise on the Law of Evidence, says : " In support of the count upon an *account stated*, the plaintiff must show that there was a demand on his side, which was acceded to by the defendant.   *   *   *   *   *   The admission must have reference to past transactions, that is, to a subsisting debt, or to a moral obligation founded on an extinguished legal obligation, to pay a certain sum."   Vol. 2, § 126.   The rule was stated in another form by the late Mr. Justice PAINE, in *Frey v. Fond du Lac*, 24 Wis., 204, as follows : " It is a general rule, that a promise to pay for a past consideration, for which there is not and never has been any legal liability on the part of the party promising, does not make a contract binding in law.   It is placed on the same footing with a promise which does not purport to be for any consideration whatever."   The same principle was applied in the case of *Hooker v. Knab*, 26 Wis., 511, and is doubtless sustained by nearly all of the adjudged cases. *Smith v. Ware*, 13 Johns., 257 ; *Western Bank v. Mills*, 8 Gray, 539 ; *Gray v. Hook*, 4 Coms., 449; *Chenery v. Barker*, 12 Gray, 345 ; *Holden v. Cosgrove*, id., 216.

But to the rule last above stated there is an exception of one class of cases.   Where a contract, otherwise valid, is void by reason of having been made on Sunday, as where property is sold and delivered on that day on credit, a subsequent promise to pay for the goods, made on any day other than Sunday, is valid, and an action can be maintained on such new promise. The cases are not uniform in stating the reasons for this exception, but they all recognize its existence.   It is not mentioned in either of the two cases decided by this court, last above cited, and indeed it had no application to either of them.   The general rule there stated must, however, in a proper case, be

applied subject to this exception. *Williams v. Paul*, 6 Bing., 653 (19 Eng. C. L., 192); *Reeves v. Butcher*, 31 N. J. Law (2 Vroom), 224; *Ryno v. Darby*, 5 Green (20 N. J. Eq.), 231; *Adams v. Gay*, 19 Vt., 358; *Stebbens v. Peck*, 8 Gray, 553; *Smith v. Case*, 2 Oregon, 190.

IV. It necessarily follows, that the circuit court correctly excluded the testimony offered by the defendant to show that the liquor with which he was charged in the account stated was sold to him by the plaintiff on Sunday, but that the testimony which was offered to prove that the plaintiff, when he sold the liquor, had no license to sell the same, should have been received, and its rejection was error.

If the parties stated an account between them, on any day except Sunday, the plaintiff is entitled to recover the amount found due him upon such accounting, unless it be made to appear that the original indebtedness of the defendant was for intoxicating liquors sold him by the plaintiff without license, in which case he cannot recover.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial awarded.