KETLER, Appellant, vs. KLINGBEIL, Respondent.

*September 11—October 8, 1935.*

The cause was submitted for the appellant on the brief of *Beck, Smith & Heft* of Racine, and for the respondent on that of *C. O. Bergener* of Racine.

NELSON, J.  For many years prior to the adoption of the Eighteenth amendment to the constitution of the United States, the Finke-Uhen Brewing Company operated a brewery in the city of Burlington. It owned many saloon fixtures, such as bars, back bars, counters, etc., which were installed and used in certain saloons which sold its products. One of such saloons was operated by Charles Frahm at 242 McHenry street in the city of Burlington. It is undisputed that, up to the time that Frahm ceased to conduct a saloon or soft-drink parlor in said premises, his possession of the saloon fixtures situated therein was that of bailee. He quit business at that location in 1925. About the year 1920 the Finke-Uhen Brewing Company sold its brewery and all of its interest in and to the saloon fixtures located in various saloons to one Dean, who thereafter sold the brewery and saloon fixtures to Marcus Maegerlein and two associates who operated the brewery until May 5, 1933, when they sold it and the saloon fixtures to the plaintiff. The bill of sale which the plaintiff received from Maegerlein and his associates purported to sell to the former all right, title, and interest, which they had in and to certain fixtures placed and situate in twenty-six different places—which places included that of the defendant. The bill of sale, however, expressly provided that the title to the fixtures mentioned therein or the amounts thereof were not guaranteed. In 1925 the defendant purchased at public sale the premises described herein as 242 McHenry street. At the time he purchased those premises there were located therein a bar, a back bar, a lunch counter, two old tables, and a few old chairs. The bar was spiked to the floor and the back bar to the floor and to the wall. The defendant remodeled the bar and back bar, using a set of bar fixtures which he owned and

which he had theretofore used in a saloon conducted by him at Rochester. He then moved them to the other side of the saloon and nailed them to the floor and the wall. He thereafter continued to use the fixtures as his own until this action was commenced and they were seized by the sheriff pursuant to the command of the warrant of replevin. No one ever asserted title to the fixtures and no one ever informed the defendant that the fixtures belonged to the Finke-Uhen Brewing Company or to any of its successors or assigns. Frahm said nothing to the defendant concerning the bar fixtures when the latter moved in. The defendant never had any dealings with the Finke-Uhen Brewing Company.

The court found the facts substantially as stated, and that the property seized by the sheriff, with the exception of the bar and the back bar, was not sufficiently identified to support a conclusion that it had ever belonged to the Finke-Uhen Brewing Company; that the defendant never recognized the plaintiff or his predecessor in title as having any title to said fixtures or any control over them; and that neither the plaintiff, Maegerlein, or his associates, nor the Finke-Uhen Brewing Company, had made any claim to the property seized within six years from May 15, 1925, when the defendant acquired the premises described as 242 McHenry street and took possession of the property therein situate. Upon the facts so found, the court concluded that the plaintiff's right to recover the property mentioned was barred by sec. 330.19, Stats., because no action to recover said property had been commenced within the period prescribed thereby. Judgment in favor of the defendant was thereupon entered.

The findings of fact are well supported by the evidence, and they support the court's conclusions of law. Sec. 330.01, Stats., provides that civil actions can only be commenced within the periods prescribed in ch. 330, Stats., except when in special cases a different limitation is prescribed by statute.

Sec. 330.19 (6) provides that an action to recover personal property or damages for the wrongful taking or detention thereof must be commenced within six years.

On May 15, 1925, when the defendant purchased the premises—242 McHenry street—he found therein certain saloon fixtures. Seven months thereafter he took full possession of that property, remodeled it, and openly treated it as his own. Whether taking possession of the property and claiming it as his own was at that time wrongful is immaterial. He continued in the open and notorious possession of it for nearly nine years before demand for its possession was made upon him and this action commenced. Whatever rights Maegerlein and his associates may have had to the property in controversy at the time the defendant purchased the premises and entered into the possession of it was lost long prior to its sale to the plaintiff, by their failure to repossess it or to bring an action to recover it within six years.

The plaintiff contends that the statute of limitations does not commence to run against a bailor until demand for the property bailed has been demanded by the bailor and refused by the bailee, citing *Smith v. Poor Hand Maids of Jesus Christ,* 193 Wis. 63, 213 N. W. 667. That contention is correct, but it has no application to the facts here, because the relation of bailor and bailee never existed between the plaintiff or his predecessors in title and the defendant. There is no testimony in the record which could sustain the conclusion that a bailor-bailee relationship ever existed between the plaintiff or his predecessors and the defendant.

*By the Court.*—Judgment affirmed.