AMERICAN NATIONAL RED CROSS, Appellant, vs. BANKS and others, Trustees, Respondents.

*October 6—November 3, 1953.*

68

For the appellant there were briefs by *McPherson & Mc-Pherson* and *Hughes, Anderson & Davis,* all of Superior, and oral argument by *L. R. McPherson* and *John L. Davis.*

For the respondents there was a brief by *Crawford, Crawford & Cirilli* of Superior, and oral argument by *R. A. Crawford.*

GEHL, J. The chapter contends that its transaction with the committee constitutes a bailment, and that the statute of limitations did not begin to run against its cause of action for the recovery of the fund and property turned over until demand for such return was made on July 14, 1950. The difficulty with that contention is that the transaction does not constitute a bailment. There is no allegation that it was intended by the parties that ownership of the fund was to

remain in the chapter. 6 Am. Jur., Bailments, p. 216, sec. 57. Nothing is alleged out of which we are able to read the right reserved to the chapter to demand return of the fund.

"The law is that in order to constitute a bailment there must be an agreement, express or implied, to redeliver the property bailed when the purpose of the bailment has been fulfilled." *Bradley v. Harper,* 173 Wis. 103, 108, 180 N. W. 130. See also *Ketler v. Klingbeil,* 219 Wis. 213, 262 N. W. 612. There is no bailment.

It is not necessary to determine whether a trust was or was not created. In either case the plaintiff cannot prevail. If a trust relation was established, the resolution creating it contains no provision reserving to the plaintiff the power of revocation. The settlor of a trust cannot, except under circumstances not here existing, revoke it unless he has reserved such power. Restatement, 2 Trusts, pp. 984, 1138, secs. 330, 367; *Daughters of American Revolution v. Washburn College,* 160 Kan. 583, 164 Pac. (2d) 128; *Strong v. Doty,* 32 Wis. 381.

If, on the other hand, the plaintiff was without authority to transfer its property in trust, as it now contends, its remedy is in an action for money had and received. *Northwestern Union Packet Co. v. Shaw,* 37 Wis. 655; *Clarke v. Lincoln Lumber Co.* 59 Wis. 655, 18 N. W. 492. The statute of limitations, sec. 330.19 (3), Stats., which provides a six-year period of limitations in the case of implied contracts, applies. *Ketler v. Klingbeil, supra; Milwaukee v. Drew,* 220 Wis. 511, 265 N. W. 683; 54 C. J. S., Limitation of Actions, p. 101, sec. 159. Approximately thirty years had elapsed since the transfer of the fund and prior to the demand for its return and the commencement of this action.

The trial court was correct in its conclusion that any claim which the plaintiff might have was barred by operation of the statute of limitations.

*By the Court.*—Order affirmed.