### WYATT *versus* AYRES AND TARRANT.

Where one falsely and fraudulently representing himself to be the agent of others, prosecuted a variety of legal proceedings against A and T, and thereby induced them to execute their note, as a compromise,—held,

That this was the case of a fraud, growing directly out of an immoral act, connected with, and depending upon it : and that a plea, alleging these facts, was a good and available defence to an action, brought to recover the amount of the note.

This was an action of debt, brought in the name of Wyatt, against the defendants, in the Circuit Court of Jefferson.

The defendants filed their plea, setting out, in substance, that one Thompson, had artfully induced the defendants to execute the note sued on, as a compromise of certain motions which he was prosecuting against them, by falsely and fraudulently representing himself to be the agent of the plaintiffs in those motions.

A demurrer to the plea, was overruled by the Court below, and that decision was assigned to this Court as error.

PECK for Plaintiff.—Do not the matters set forth in the plea, disclose a sufficient consideration to support the note ? If it be contended that the compromise

of the motions was the inducement to the giving of the note, then, whether Thompson was or not, the legal agent of the plaintiffs in those motions, is immaterial. The actual compromise, was a present benefit to the defendants, and therefore a consideration. *Powell on Con.* 346—*Ripon* v. *Norton, Cro, Eliz.* 881.

The plea does not charge that any fraud by Thompson induced them to make the note payable to the plaintiff. It says, Thompson *artfully* induced them, without disclosing what arts were used. In the first place, I deny that artfulness amounts to fraud: falsehood must enter into and form a component part of every fraud. A party may act artfully, or what is synonymous, skilfully, without suppressing the truth, or suggesting a falsehood. But, if it be determined that artfulness possesses all the evil qualities of a fraud, then, I contend, the artful conduct should have been specifically charged—that the Court might have determined whether it amounted to a fraud ; and also, that the plaintiff might have traversed it by a replication.—*The Huntsville Bank* v. *Hill,* 1 *Stewt.* 218.

The plea does not aver that Thompson was, or pretended to be, acting as the agent of the plaintiff, Wyatt. The plaintiff is in no wise charged to have participated in the supposed fraud, or even to have had any knowledge of it. The fraud of a third person cannot be plead against the plaintiff, without connecting him either directly or indirectly, with its perpetration. The plea is to be taken most strongly in its construction, against the defendants. The plea, therefore, not charging the plaintiff with any participation in the fraud, the Court will pronounce him innocent.—*Chit. on Pl.* 521.

Again—The promise contained in the note is unconnected with the supposed fraud, practised by Thompson on the defendant: therefore, it is not taint-

ed by it. The making the note was a subsequent voluntary contract with the plaintiff, and distinct from the one with Thompson to compromise the motions. *Armstrong* vs. *Toler,* 11 *Wheat.* 258, 272, 273— *Tachney* vs. *Reynolds,* 4 *Burr.* 2069—3 *Term R.* 418.

By Mr. Justice HITCHCOCK :

This is an action brought on a note, under seal, dated 23d April, 1830, payable 25th December following, for one hundred dollars, given by the defendants, payable to the plaintiff. The defendants pleaded, that the writing obligatory sued on, was obtained from them by *covin,* collusion, and misrepresentation, by one James Thompson, in this—that the said James Thompson, before the making of the said instrument, had instituted and was prosecuting a variety of motions in Jefferson Circuit Court, against the defendants and their securities, who had been sheriffs of said county, for failing to return, according to law, a variety of executions, which had issued upon judgments in said Court, and which had been placed in their hands to execute and return, according to law. The plea sets out the motions, shewing a number of cases between different persons. It then states, "that the said Thompson, by falsely and fraudulently representing to the said Ayres, that he, the said Thompson, was the *lawful* agent of the said plaintiffs in said motions, and was duly authorised to institute the same, *falsely and fraudulently* induced the defendants, upon a compromise of said motions, to execute the said instrument, when in truth and in fact, the said Thompson, at the time of the institution of said motions, and at the time of the making of the said compromise, and the execution of the said instrument, was not the lawful agent of the plaintiffs in the motions, and had never received any authority from them to institute, prosecute, or

compromise the same. The plea further avers, that with a view further to deceive, defraud, and injure the defendants, the said James Thompson artfully solicited and induced the defendants to execute the said instrument, when he, the said James Thompson, well knew that the plaintiff had no interest in the same, and when in fact, he had no interest in the same, or in any part of the motions which had been instituted, and were pending."

To this plea, there is a general demurrer, which was overruled, and the plaintiff has brought this case here upon writ of error; and his counsel insist that the plea is bad—because,

1. It shews a consideration for the note, to wit, the compromise of the motions, which was a present benefit.

2. It says, the plaintiff *artfully* induced them to give the note to Wyatt, without describing in what that act consisted; that fraud implies falsehood, and there may be art without falsehood: that art may mean ingenuity and skill, and is consistent with truth. Fraud is a question of law. The facts must be stated to enable the Court to decide, whether it amounts to fraud.

3. The plea does not charge that Thompson acted as the agent of Wyatt, and Wyatt is not charged as participating in the fraud.

4. The promise contained in the note, is unconnected with the fraud, if any, and therefore, is not tainted with it. The making of the note was subsequent to the contract for the compromise, and therefore not affected by it, supposing it to exist.

5. The plea does not directly charge that the note was executed in consequence of the misrepresentations; and for aught that is alleged, the defendants may have been fully apprised of the falsehood of

Thompson, and they may have chosen to accept of such compromise, as he could make; if so, though his representations were false, yet, the defendants may not have been deceived.

Both, the counsel for the plaintiff and defendants, have argued this case upon the authority of the case of *Armstrong* vs. *Toler;* and both appear willing to rest it upon the principles of that case.

<span style="float:right">11Wheat.258</span>

The principle stated in that case, is, "that where a contract grows directly out of an illegal or immoral act, and is directly connected with it, the contract is void; but, that where the contract, though it may be intimately connected with an illegal or immoral act, yet if there be a distinct consideration, however closely connected with the act, yet the contract shall be sustained."

Now, here, the plea directly charges, that Thompson had no authority to make the motions; that he falsely represented that he had; that having falsely represented that he had, he fraudulently induced the compromise ; that the consideration of the note was the compromise ; and that he artfully induced and solicited the making of the note to Wyatt, when he knew that Wyatt had no interest in the motions, and that, in fact, he had no interest.

If these facts do not make out a case of a contract, growing directly out of an immoral act; connected with it, and directly depending upon it, it would be difficult to say what would.

Swindling, is defined to be, "cheating and defrauding grossly, with deliberate artifice." The fraud commenced here, by the institution of the motions, and was continued by falsehood, until it was consummated, by procuring the note ; and the whole transaction was, both illegal and immoral. The demurrer admits the truth of the plea, and all legal and fair

inferences to be drawn from it; and it is not conceived that it is obnoxious to any one of the positions which have been insisted on by the plaintiff's counsel.

The judgment must be affirmed.