Bryant v. Mansfield.

LUCY A. BRYANT *versus* EDWARD MANSFIELD & *al.*

Where the plaintiff in a bill in equity alleged, that the owner of certain land, being involved in debt, persuaded him to receive a deed thereof and to give his negotiable promissory note therefor, and assured him that payment of such note should never be enforced, and that as soon as a purchaser could be found the note should be given up on the re-conveyance of the estate; and that influenced by such persuasion and assurance, and being wholly innocent of any fraudulent or sinister design in the transaction, and desirous only to aid the owner as far as honestly he might, the plaintiff received a deed of the land and gave his promissory note therefor; and prayed that it might be decreed, that the note should be given up or cancelled on a re-conveyance of the estate; on demurrer to the bill, *it was held:* —

That such arrangement was fraudulent as to the creditors of the grantor, but that it might be good as between the parties to it, as neither of them could be permitted to allege a mutual fraud upon the rights of others, as a ground of relief from it: —

And that with reference to the parties to it alone, it presented but the case of a conveyance of real estate and a payment for it by note with an alleged verbal agreement that the note should be returned to the party giving it on his re-conveying the estate to the other, which parol agreement, to destroy the effect of the deed and note, could no more be received in equity than at law.

THIS was a bill in equity, by Lucy A. Bryant against Edward Mansfield and Daniel Bryant; and was heard on a demurrer to the bill on the part of Mansfield.

The substance of the bill is given at the commencement of the opinion of the Court.

*W. P. Fessenden* argued in support of the demurrer, and cited *Drinkwater* v. *Drinkwater*, 4 Mass. R. 357; *Worcester* v. *Eaton*, 11 Mass. R. 377; 1 Fonb. Eq. 373, note 8; *Bean* v. *Smith*, 2 Mason, 274; *Clapp* v. *Tirrell*, 20 Pick. 247; *Holland* v. *Cruft*, ib. 327; *Wearse* v. *Pierce*, 24 Pick. 145; 1 Story's Eq. § 296, 297, 298, 424; Roberts on Fr. Conv. note to page 495.

*Fessenden, Deblois* and *Fessenden* argued for the plaintiff, citing 7 Dane, 580; Story's Eq. Pl. § 452; Noy's Max. 2; 1 Cowp. 197; 2 Cowp. 790; 2 Dougl. 696; Buller's N. P. 132; 1 Ves. Jr. 916; 1 Story's Eq. § 61.

---
Bryant *v.* Mansfield.
---

The opinion of the Court was drawn up by

SHEPLEY J. — This bill alleges in substance, that the five children of Spencer Bryant, deceased, inherited from their father certain real estate of no greater value than fifteen hundred dollars; that it was also subject to the dower of his widow; that the plaintiff and Daniel Bryant, one of the defendants, were two of those heirs; that Daniel in the month of February, 1841, being involved in debt, or pretending to be so, persuaded the plaintiff to receive a deed, conveying all his interest in that estate, for the nominal consideration of seven hundred dollars, and to give her negotiable promissory note payable to him on demand for that sum, being influenced by his persuasion and assurance, that payment thereof should never be enforced, and that as soon as he could find a purchaser, it should be given up to her upon her re-conveying the estate to him. It alleges also, that she was wholly innocent of any *fraudulent* or sinister design in the transaction, and was influenced only by his persuasions and by a desire to aid him as far as she honestly might. That he has indorsed the note to the other defendant, Mansfield, without any valuable consideration, to be collected for his own benefit, and that Mansfield knew all the circumstances, under which the note was made, and that he, to carry into effect the design of defrauding the plaintiff, has commenced a suit upon the note against her, which is still pending. It also calls upon the defendants to disclose the facts relating to the time of the indorsement, the consideration for it, and the circumstances attending it.

The defendant, Mansfield, demurs to the bill for want of equity on the part of the plaintiff.

That the law will determine such an arrangement to be grossly fraudulent as against the creditors of Daniel cannot be questioned. But although fraudulent with respect to them, it may be perfectly good as between the parties to it. Neither of them can be permitted to allege a mutual fraud upon the rights of others as a ground for relief from it. It is true, that the plaintiff insists, that she was innocent of any fraudulent

design. But the bill admits her knowledge, that Daniel was involved in debt, that his purpose was to convey his estate without receiving any actual value for it, to enable him to sell it at some future time, and to divide the proceeds, when it should please him, equally among his creditors. The law will consider her, notwithstanding such denial, as intending to do what her acts were suited to effect. If her brother had induced her by falsehood and fraud to aid him in the perpetration of a fraud upon others, it might deserve consideration, whether by becoming thus a party to the intended fraud, she should be precluded from seeking relief from the fraud practiced upon herself. But it is not necessary to consider or decide that question, for the bill does not allege, that the arrangement was procured by any such means. The only allegations in this respect are, that she was ignorant and was persuaded by him to enter into that arrangement. It may be true, that she was unacquainted with the transaction of business, and was ignorant of the legal consequences attending her acts, but the law does not authorize contracts and conveyances to be set aside or annulled upon such suggestions. A nice moral sense would seem to have enabled any person to perceive, that the transaction was not an honest one. It is not unusual for one party to a contract or conveyance to be influenced to make it by the persuasions of another party, nor is there any thing, which the law will regard as illegal or incorrect in the use of such means, if there be no deception or falsehood connected with them. If the transaction be considered with reference to the parties to it alone, it presents the case on paper of a conveyance of real estate, and a payment for it by note, with an alleged verbal agreement, that the note should be returned to one party, and the estate be re-conveyed to the other. And such a parol agreement to destroy the effect of the deed of conveyance and of the note, could no more be received in equity than at law.

It is not perceived therefore, that the plaintiff, upon the allegations contained in this bill, could be entitled to relief, if the note were in the possession of the payee; and of course

cannot be entitled to call upon the defendant, Mansfield, to disclose the manner in which he became entitled to it.

*The demurrer is allowed and the bill, as to Mansfield, is to be dismissed with costs.*