Overshiner *et al. v.* Wisehart.

---

| 59 135
|d164 600

## OVERSHINER ET AL. *v.* WISEHART.

FRAUD.—*Parties in Equal Fault.*—*Note Given as Fraudulent Device.*—Where a promissory note is executed in pursuance of a fraudulent combination

between the maker and the payee to cheat a third person, by causing him to believe, that a falsely pretended transaction between said maker and payee is genuine, and thereby inducing said third person to consummate, in good faith on his part, a similar transaction between him and said payee, said note being a device to accomplish such fraudulent purpose, neither party to such note can have any remedy thereon against the other. Though the note can not be enforced by the payee against the maker, the latter can not maintain an action to cancel it against the former and indorsees with notice.

From the Henry Circuit Court.

*D. W. Chambers, E. Saint, M. E. Forkner* and *E. H. Bundy,* for appellants.

*W. March, J. M. Brown* and *J. Brown,* for appellee.

BIDDLE, C. J.—The appellee brought this complaint to cancel a promissory note which he made to J. M. Overshiner & Co., making the payees and their endorsees with notice defendants. A demurrer to the complaint, alleging the insufficiency of the facts stated, was overruled, and exceptions reserved. Answer, general denial; trial by the court, and finding for the plaintiff. Over a motion for a new trial, and exception, the court adjudged, that the note be cancelled. Appeal.

The sufficiency of the complaint to withstand the demurrer, and the sufficiency of the evidence to sustain the verdict, are the questions presented for our consideration. It seems to us, that the complaint is clearly good. We do not, therefore, state its allegations particularly.

The evidence is too voluminous to set out in this opinion; but we think there can be no serious question but that it proves the following facts: That Overshiner, one of the payees, came to Wisehart, and offered to sell him a patent called a hog-trap, for certain territory in the State of Illinois; that several offers passed between the parties to exchange certain real estate and other property for the patent, but no agreement resulted from their negotiations; that Overshiner suggested to Wisehart to help him make a trade with a man by the name of Bal-

lard; that they would pretend that he, Wisehart, was buying ten counties in Illinois, and Overshiner would fill out the notes, and, if the trade was made with Ballard, Overshiner was to deliver Wisehart's note back to him; Wisehart agreed to so assist Overshiner in making the trade with Ballard; that, in pursuance of this under-standing, Overshiner wrote a letter to Ballard to induce him to come when he and Wisehart were to make the trade; that Ballard, in obedience to the request in the letter, came and met Overshiner and Wisehart; that Wisehart took Ballard up stairs in a private room above a drug-store, and there endeavored to persuade him to make the purchase of the patent from Overshiner; that they came down stairs and met Overshiner, who talked with Ballard, endeavoring to make the sale, stating, in the presence of Wisehart, that he had sold the patent to Wisehart for seventeen hundred and fifty dollars, until finally Ballard agreed to make a similar purchase of the same patent for certain other territory; that Overshiner then filled out two notes in a blank book of notes, and Ballard signed one of the notes, and Wisehart the other; that Overshiner, in pursuance of his agreement with Wise-hart, credited Wisehart's note, without receiving any thing, with full payment on the back of it, but which credit was concealed from Ballard.  After Ballard closed the agreement with Overshiner he returned home, and Overshiner delivered certain deeds, conveying the patent, to Wisehart for certain territory, for helping him make the trade in the above manner with Ballard, which deeds Wisehart accepted; that the note in suit is the note so signed by Wisehart to induce Ballard to buy the patent.

This is essentially condensed from the testimony of Wisehart himself, who admits that he did not consider the territory sold to Ballard worth any thing. Other witnesses corroborate the same facts.

Before suit was commenced, Wisehart offered to restore the deeds Overshiner had made to him for the patent, and

filed them, for the benefit of the defendants, with the complaint.

We think the court did not mistake the force of the evidence, but misapplied the law arising from the facts which it proved. In our opinion, the evidence clearly shows a fraudulent combination between Overshiner and Wisehart to cheat Ballard, and that the note in controversy was but a device to accomplish their purpose. In such cases, neither has any remedy against the other. They have made a bed of fraud, and they must lie upon it. Neither one has any standing in court. The law leaves them just where they placed themselves. The court therefore erred in granting relief to Wisehart, notwithstanding the note could not be enforced against him; nor had the plaintiff any right to appear at the altar of Justice with unclean hands. The court should have dismissed the case, even though the defendant did not claim any relief from the fraud; not because he is more favored than the plaintiff, but because both are equally culpable. Kerr Fraud & Mistake, 374; Bigelow Fraud, 337; *Hannay* v. *Eve*, 3 Cranch, 242; *Wyatt* v. *Ayres*, 2 Porter, 157; *Bryant* v. *Mansfield*, 22 Me. 360; *M'Clure* v. *Purcel*, 3 A. K. Mar. 61; *James* v. *Bird's Adm'r*, 8 Leigh, 510; *Jones' Adm'r* v. *Comer's Ex'r*, 5 Leigh, 350; *Nellis* v. *Clark*, 20 Wend. 24; *Phalen* v. *Clark*, 19 Conn 421; *Walker* v. *McConnico*, 10 Yerger, 228; *Boyd* v. *Barclay*, 1 Ala. 34; *Warburton* v. *Aken*, 1 McLean, 460; *Wheeler* v. *Sage*, 1 Wal. 518; *Doe* v. *Roberts*, 2 B. & Ald. 367; *Groves* v. *Groves*, 3 Younge & Jervis, 163; *Bartle* v. *Nutt*, 4 Peters, 184; *Bolt* v. *Rogers*, 3 Paige, 154; *White* v. *Hunter*, 3 Fost. N. H. 128; *Hamilton* v. *Ball*, 2 Ir. Eq. 191; *Faris* v. *Durham*, 5 T. B. Monroe, 397; *M'Kinnell* v. *Robinson*, 3 M. & W. 434; *Fitzgerald* v. *Forristal*, 48 Ill. 228; *Creath's Adm'r* v. *Sims*, 5 How. 192; *Barnes* v. *Brown*, 32 Mich. 146; *Childers* v. *Childers*, 1 De G. & J. Ch. 482; *Bruner* v. *Manville*, 2 Blackf. 485; *The Cleveland and St. Louis R. R. Co.* v. *Pattison*, 15 Ind. 70.

The judgment is reversed, at the costs of the appellee,. and the cause remanded with instructions to dismiss the case.