ORRIN H. BUTLER *vs.* GEORGE MOORE.

York. Opinion January 11, 1882.

*Promissory notes. Fraudulent conveyance.*

In an action against the maker of a promissory note given as the consideration of a conveyance received for the purpose of aiding the grantor to delay his creditors, the fraud cannot be set up in defence.

ON REPORT.

Assumpsit on the following note ;

"$1000.                                      March 26th, 1874.

For value received I promise to pay Casper E. Marshall or order, one thousand dollars on demand with interest annually.

Geo. Moore."

Indorsement thereon, " Without recourse,

C. E. Marshall."

The plea was general issue and the following :

"And the defendant comes and defends, &c. when, &c. and says that the note declared upon in plaintiff's declaration, was obtained by Casper E. Marshall, payee in said note, for the purpose of aiding the said Marshall, in hindering, delaying and defrauding the creditors of said Marshall, and for no other purpose, and this he is ready to verify. Wherefore he prays judgment and for his costs.

By his attorneys, COPELAND & EDGERLY."

The opinion states the material facts.

*G. C. Yeaton* and *H. V. Moore,* for the plaintiff, cited : *Nichols* v. *Patten,* 18 Maine, 231 ; *Ellis* v. *Higgins,* 32 Maine, 34 ; *Thompson* v. *Moore,* 36 Maine, 47 ; *Andrews* v. *Marshall,*

43 Maine, 272; *S. C.* 48 Maine, 26; *Mathews* v. *Buck*, 43 Maine, 265; Bump, Fraud, Cono. 475; *Quirk* v. *Thomas*, 6 Mich. 76; *Carpenter* v. *McClure*, 39 Vt. 9; *Harvey* v. *Varney*, 98 Mass. 118; *Springer* v. *Drosch*, 32 Ind. 486; *Clemens* v. *Clemens*, 28 Wis. 637; *Sherk* v. *Endress*, 3 Watts & S. 255; *Neely* v. *Wood*, 10 Yerg. (Tenn.) 486; *Douglas* v. *Dunlap*, 10 Ohio, 162; *Bobb* v. *Woodward*, 50 Mo. 95; *Sumner* v. *Murphy*, 2 Hill, (S. C.) 488; *Capin* v. *Pease*, 10 Conn. 69: *Silverman* v. *Bullock*, (98 Ill.) Reporter, June 15, 1881; *Hendricks* v. *Mount*, 2 South (N. J.) 738.

*Copeland and Edgerly*, for the defendant.

Defendant claims that the note declared upon in this action is without consideration, and was taken by Marshall, the original payee, as part of a transaction to hinder, delay and defraud his creditors. That it was expressly understood between defendant and said payee that said note was not to be held as a valid note against defendant. That instead of being an innocent holder of the note, the plaintiff appears in the suit for the sole purpose of assisting the original payee in enforcing a contract which is illegal and void. Evidence may be received to show that a note was given without consideration and executed upon the agreement that it should be cancelled when desired, to assist the payee in protecting his property against creditors. 28 Am. Report, 780.

Whatever the parties to an action have executed for fraudulent or illegal purposes, the law refuses to lend its aid to enable either party to disturb. Whatever the parties have fraudulently or illegally contracted to execute the law refuses to compel the contractor to execute or pay damages for not executing; but in both cases leaves the parties where it finds them. *Smith* v. *Hubbs*, 10 Maine, 76.

No court will ever lend its aid to a man who founds his cause of action upon an immoral or illegal act. *Holman* v. *Johnson*, Cowp. 341.

When the illegal consideration is set forth upon the record the objection may be taken either by demurrer or in arrest of judgment. But when it does not appear on the record, the defendant

may show that the claim is in reality founded upon an illegal and noxious agreement. Starkie, vol. 2, 86?

When two persons agree in violating the laws of the land, the court will not entertain the claim of either party against the other for the fruits of such an unlawful bargain. If one holds the obligation or promise of the other to pay him money, or to do any other valuable act, on account of such an illegal transaction the party defendant may expose the nature of the transaction to the court, and thus defeat the action. *Inhabitants of Worcester* v. *Eaton,* 11 Mass. 368.

The Supreme Court of Tennessee in *Walker* v. *McConnice,* 10 Yerg. 229, decided that a note having been made and the deed of trust executed to defraud creditors, the defendant cannot resist the execution of the trust according to the terms of the deed. But as the note was without consideration and was executed to hinder and delay creditors, the promise to pay being executory cannot be enforced. This opinion is confirmed by *Jones* v. *Read,* 3 Dana, (Ky.) 541 ; *Harvin* v. *Weeks,* 11 Rich, (S. C.) 601 ; *Powell* v. *Inman,* 7 Jones, (N. C.) 28 ; *Hoover* v. *Pierce,* 27 Miss. 13 ; *Hamilton* v. *Scull, Adm'r,* 25 Mo. 166 ; *Gouty* v. *Gelhart,* 1 Ohio St. 263 ; *Church* v. *Muir,* 33 N. J. 319. *McCausland* v. *Ralston,* 28 Am. 793.

A party to a negotiable note is a competent witness to prove that the note was fraudulent, and without consideration, even though such note is in the hands of an innocent holder. *Abbott* v. *Rose,* 62 Maine, 194 ; *Piper* v. *Gilmore,* 49 Maine, 149 ; *Wood* v. *Pennell,* 51 Maine, 52 ; *Sullivan* v. *Park,* 33 Maine, 438 ; *Allum* v. *Perry,* 68 Maine, 232.

VIRGIN J. One view of the facts in this case as they are testified to by the defendant, that in receiving the deed from Marshall he did not intend any wrong, that he never expected to pay the note which he gave to Marshall as a consideration for the deed, that it was distinctly understood that it was not to be paid and that the deed was to be given back, is so like those in *Bryant* v. *Mansfield,* 22 Maine, 360 as to render the language of the court in the latter case peculiarly apt here. "If the transaction," says SHEPLEY, J., "be considered with reference to the parties

alone, it presents the case on paper of a conveyance of real estate and a payment for it by note, with an alleged verbal agreement that the note should be returned to one party and the estate be reconveyed to the other. And such a parol agreement to destroy the effect of the deed of conveyance and of the note could no more be received in equity than in law."

Again, taking the testimony of the defendant to be true, there was no such fraudulent conveyance as even creditors of Marshall could impeach. For the defendant unqualifiedly denies all wrongful intent on his part in accepting the deed from Marshall and giving him his note. Nor is there any evidence of Marshall's indebtment to any creditor. And whatever the original transaction may have been, the defendant has never been solicitous to rescind the contract. The parties being tenants in common after the conveyance caused it to be taxed to them both ever after and each paid one-half of the taxes as they were assessed. In 1876, they sold a house lot, they both agreeing upon the price and dividing the sum received therefor; and in like manner they sold three other house lots, thus disposing of three of the ten acres. We perceive no fraud upon creditors or upon each other here. At any rate no creditor has ever undertaken to disturb the defendant's title which is still in him except as to the portion sold.

There is still another view of the case. Assuming the note in suit to have been dishonored before it was indorsed to the plaintiff, and taking the same view of the testimony as the court did in *Bryant* v. *Mansfield, supra*, that and the defendant's second plea presents the question: Whether one who has received a conveyance of land and in consideration thereof has given his negotiable promissory note to the grantor, for the purpose of aiding him in delaying his creditors, can set up the fraud in defense to an action on his note brought by the grantor. And after a careful examination of the numerous cases on the subject in the various jurisdictions where it has been considered, we think the better opinion is opposed to such defense.

We derived our law in relation to conveyances fraudulent as to creditors from the stat. 13 Eliz. c. 5, which has been adopted

here as common law. *Howe* v. *Ward*, 4 Maine, 196, 199. This statute, declaring that conveyances made with intent to "delay, hinder or defraud creditors" shall be "deemed and taken (only as against creditors, etc.) to be clearly and utterly void, frustrate and of none effect," has been invariably construed as plainly implying that they are valid as between the parties and their representatives (*Nichols* v. *Patten*, 18 Maine, 231 ; *Andrews* v. *Marshall*, 43 Maine, 274 ; Benj. Sales, (3d Am. ed.) 476 and note) ; and can be avoided only by creditors on due proceedings (*Miller* v. *Miller*, 23 Maine, 22 ; *Thompson* v. *Moore*, 36 Maine, 47 ; *Stone* v. *Locke*, 46 Maine, 445) ; or their representatives, such as assignees in bankruptcy or insolvency of the grantor (*Freeland* v. *Freeland*, 102 Mass. 475, 477), and the executors or administrators of grantors since deceased whose estates have been declared insolvent. *McLean* v. *Weeks*, 65 Maine, 411, 418. And notwithstanding the words "utterly void," etc. applied to such conveyances, they are not, even as to creditors void but voidable. (*Andrews* v. *Marshall supra*) ; and all the courts concur in holding that if the fraudulent grantee convey the premises to a *bona fide* purchaser for a valuable consideration before the creditor moves to impeach the original conveyance, the purchaser's title cannot be disturbed. *Neal* v. *Williams*, 18 Maine, 391 ; *Hoffman* v. *Noble*, .6 Met. 68 ; *Bradley* v. *Obear*, 10 N. H. 477.

It is generally true that the law will not aid parties violating its express or implied rules, in executing their unlawful contracts, or afford them relief from their effects when executed. In such cases the old maxims, *ex turpi causa* and *in pari delicto*, stand like walls against the parties. The implication of the statute of 13 Eliz. declares that as between the parties to a conveyance made to prevent creditors of the grantor from attaching or seizing his property, and thereby securing their debts, the transaction is not to be regarded void or voidable, but valid. And if valid, we fail to see why the note given in payment is not also valid. The transaction is not a *turpis causa*, and neither do the parties stand in *pari delicto*. In the case at bar, each of the parties deliberately entered into the contract. Each received a full

consideration, the one for his land and the other for his note. Neither of them was defrauded. So far as their intention backed up by their acts affected any creditor of the grantor, the creditor thereby defrauded has full remedy; for he may attach the property before it is sold to a *bona fide* purchaser, or he may recover twice its value not exceeding twice the amount of his debt in an action on the case under the provisions of R. S., c. 113, § 51.

The decisions in Massachusetts, repeatedly made, sustain actions like this. See the two opinions of MORTON, J., and of SHAW, C. J., after the second trial in *Dyer* v. *Homer*, 22 Pick. 253; *Butler* v. *Hildreth*, 5 Met. 49, 50. *Bailey* v. *Foster*, 9 Pick. 139, recognizes the same doctrine. See also, *Harvey* v. *Varney*, 98 Mass. 118, where the cases are reviewed and the doctrine adhered to. See also, the elaborate opinion of the Chief Justice of Wisconsin, in *Clemmens* v. *Clemmens*, 28 Wis. 637, and the well reasoned opinion of the court in *Carpenter* v. *McClure*, 39 Vt. 9. See also, the numerous cases cited on the plaintiff's brief.

We are aware that the early decisions in our own State are somewhat inconsistent. *Smith* v. *Hubbs*, 10 Maine, 71; *Nichols* v. *Patten*, 18 Maine, 231; *Ellis* v. *Higgins*, 32 Maine, 34; *Andrews* v. *Marshall*, *supra;* S. C. 48 Maine, 26. But in none of these cases was this precise question presented although it was discussed. We think, however, the better doctrine is the one held by the cases above cited.

In *Ellis* v. *Higgins*, and *Andrews* v. *Marshall*, 48 Maine, 26, the question was raised (though not by counsel in this case) as to the effect of R. S., c. 126, § 2, which makes parties to a conveyance fraudulent as to creditors liable to fine and imprisonment, and is therefore prohibitory in its character. And it was decided that it did not make such conveyances void as to parties. This provision first came into the statute in 1841, R. S., 1841, c. 161, § 2. It is substantially a transcript of St. 13 Eliz. c. 5, § 4, and hence was common law here before it was adopted by the legislature. The two rules should be construed together now, the same as if both were statute provisions, or both rules of the common law, and the construction given them to harmonize them so

that they both shall stand, which results from holding that while one impliedly prohibits conveyances, fraudulent as to creditors, the other limits or restricts the invalidating effect of the prohibition to the creditors or their representatives, whose debts are attempted to be avoided. *Carpenter* v. *McClure, supra,* where the statute of Vermont having both sections of 13 Eliz. c. 5, is discussed and construed.

We perceive no legal reason for deducting from the amount of the note, the sum of four hundred and twenty-five dollars, received for sales of the four lots of land.

> *Judgment for the plaintiff for the*
> *amount of the note sued on.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and SYMONDS, JJ., concurred.