BEASON, imp., Appellant, vs. KURZ, Respondent.

*September 1 — September 21, 1886.*

*Contracts: Ambiguity: Parol evidence.*

The specifications of a contract for building a small house provided: "The entire walls of the building, inside and outside, to be painted," etc. An expert testified that the meaning of these words would depend on the conversation between the parties. *Held,* that the contract was ambiguous and parol evidence was admissible to show that it was not intended that the inside plaster walls should be painted.

APPEAL from the Circuit Court for *Outagamie* County.

This action was brought to foreclose two distinct liens, one in favor of the plaintiff Smith, and the other in favor of the plaintiffs Lyon & Beason, for materials furnished and labor performed by them, respectively, to and for the defendant in the erection of a dwelling-house. Smith recovered, but the proceedings relative to his claim are not involved in this appeal.

The claim of Lyon & Beason is for the contract price for materials furnished and labor performed by them in the erection of the dwelling above the basement, and for certain specified extra materials and labor. Certain payments were admitted, and judgment was demanded for a specified balance.

The defendant answered, both as a defense and by way of counterclaim, the failure of the plaintiffs to fulfil their contract in several specified particulars. He also took issue on some of the charges for extras.

The cause was tried without a jury, and resulted in findings, in substance and effect, that the plaintiffs had failed to perform their contract in certain particulars, for which the defendant should be allowed a sum equal to the balance which would otherwise have been due the plaintiffs. Thereupon judgment dismissing the complaint of Lyon & Beason was entered.

The plaintiff Lyon having deceased after the trial, the action was continued in the name of the plaintiff *Beason*, who appeals from such judgment to this court.

For the appellant the cause was submitted on the brief of *W. J. Allen.*

*Henry D. Ryan*, for the respondent.

Lyon, J. The testimony contained in the bill of exceptions, which is somewhat voluminous, relates to numerous items in the plaintiffs' claim for extra work, and in the defendant's counterclaim for failure by the plaintiffs to perform their contract. On many of these items the testimony is quite conflicting. We have carefully examined it, and conclude that it sustains the findings of the circuit court on all the disputed items, with a single exception. It would be profitless to state or discuss the testimony upon which this conclusion is founded.

The excepted item is an allowance of $127 to the defendant for the failure of the plaintiffs to paint the plastered inside walls of the house, which the court found it was their duty to do under their contract. The specifications (which are the basis of the contract) contain the following clause: "The entire walls of building, inside and outside, to be painted two coats of first quality white lead and oil

made in colors to suit the owner." On the trial the court asked two witnesses, called as experts, the meaning of the above clause. One of them answered, "It would depend on the conversation;" but, without any conversation, he considered the clause required the plastering as well as the wood-work to be painted. This was also the opinion of the other witness. A witness was called by the plaintiffs in rebuttal, and was asked to state a conversation with defendant about painting the walls. He answered: "He was showing me the contracts one day. He said the specifications call for painting outside and inside, which includes the whole plastered walls. If they undertook to be mean about it, he would hold to it; that it was not designed to have the walls painted in the first place." The defendant did not dispute the truth of this testimony, although directly after it was given he was called as a witness, and denied the truth of another statement testified to by one of the plaintiffs. The foregoing is all the direct testimony given concerning the obligation of the plaintiffs to paint the inside plastered walls.

The learned circuit judge said, when deciding the cause, that he did not think it was ever contemplated by the parties that the plaintiffs were to paint the plaster walls inside the house. We are of the same opinion. The house was a small, plain, unostentatious structure. The whole contract price for furnishing the materials therefor and erecting it, above the basement, was but a trifle over $1,300. No other item of damages established by the defendant exceeded $10, and in the aggregate amounted to less than $40; yet the counterclaim of the defendant makes no specific mention of this most important alleged breach of the contract. It merely claims damages for "insufficient, incomplete, and improper painting." This is the only allegation therein under which the above testimony could properly be received. These are some of the considerations which satisfy us that none of the parties understood that the plaintiffs

were to paint the inside plaster walls; and that, when the answer and counterclaim were interposed, the defendant had no thought of attempting to charge the plaintiffs with that obligation.

But the circuit court held against the plaintiffs on this point, on the ground that the contract is unambiguous, and hence parol testimony was inadmissible to qualify or limit the plain meaning of the language employed, which the court understood to mean that the whole of the inside walls — the plastered portions as well as those portions constructed of wood — were to be painted. In this we are constrained to differ with the trial court. The language in question may have, in the trade or business of house building, different meanings, according to the circumstances. It was so understood by one of the expert witnesses, who testified that the meaning of the words depended upon the conversation — referring, doubtless, to the oral agreement or understanding of the parties preceding the execution of the written contract. Hence we are of the opinion that the language of the contract is not so plain, definite, and unmistakable as to shut out extrinsic evidence of the sense in which it was used by the parties in their contract. The undisputed direct evidence on the subject, already mentioned, as well as all reasonable probabilities, sustain the proposition that the plaintiffs did not agree to paint the inside plaster walls, and hence that the defendant should not have been allowed any sum for their failure to do so.

The record showing that the surviving plaintiff is entitled to the relief demanded to the amount of $127, the judgment of the circuit court must be reversed, and the cause will be remanded with directions to that court to render judgment for the plaintiff in accordance with this opinion.

*By the Court.*— Ordered accordingly.

See note to this case in 29 N. W. Rep. 232.— REP.