DAVY, Respondent, vs. KELLEY, Appellant.

*September 1 — September 21, 1886.*

PROMISSORY NOTES: FRAUDULENT CONVEYANCES. *(1) Parol evidence to nullify note. (2) Fraudulent conveyance good between the parties. (3) Ownership of note: Court and jury.*

1. Evidence of a contemporaneous parol agreement between the parties to a note that it was not to be in force as between them, is inadmissible.

2. An assignment or transfer of property for the purpose of defrauding creditors, though subjecting the parties to a penalty under sec. 4437, R. S., is valid as between such parties under sec. 2320, R. S., which only provides that it shall be void as against the creditors. *Clemens v. Clemens,* 28 Wis. 637, followed. *Melchoir v. McCarty,* 31 Wis. 252, and *Clarke v. Lincoln Lumber Co.* 59 id. 655, distinguished.

3. Where the issue as to the ownership of a note in suit is material, and the evidence is conflicting, the question should be left to the jury.

APPEAL from the Circuit Court for *Florence* County.

The case is sufficiently stated in the opinion.

For the appellant there was a brief by *Webster & Brazeau,* and oral argument by *Mr. Webster.* They contended, *inter alia:* 1. The delivery of the notes to Webb was upon the express condition that they should at once be indorsed over and delivered to Travis, who was to destroy and never assert them against the defendant. There was never any valid delivery for any other purpose. And this purpose may be shown by parol. *Burson v. Huntington,* 21 Mich. 415; *Chipman v. Tucker,* 38 Wis. 43; *Seymour v. Cowing,* 1 Keyes, 532; *Benton v. Martin,* 52 id. 570; *Knight v. Hurlbut,* 74 Ill. 133; *Jordan v. Davis,* 108 id. 336; *Belleville S. Bank v. Bornman,* 7 N. E. Rep. 686; *Thomas v. Watkins,* 16 Wis. 549; *Hillsdale College v. Thomas,* 40 id. 661; *McLean v. Nugent,* 33 id. 353. 2. The inception of the note was so entirely fraudulent that a suit thereon by

any of the parties connected with the fraud will not be entertained. The agreement between Webb, Travis, and *Kelley* was void not only as to creditors but also as between the parties, although it is not expressly so declared in secs. 2306, 2320, R. S. *Clarke v. Lincoln Lumber Co.* 59 Wis. 655; *Melchoir v. McCarty*, 31 id. 252; *Jewett v. Fink*, 47 id. 446, 452.

[No appearance for the respondent.]

TAYLOR, J. The respondent brought an action against the appellant upon a promissory note executed by the appellant, and payable to the order of R. B. Webb, for the sum of $1,500. The complaint alleges that said note was transferred by said Webb to the plaintiff for a valuable consideration before due. There was also a claim in the complaint for work and labor for $100. Upon the claim for work and labor there is no controversy on this appeal.

The defendant answered, first admitting the making, execution, and delivery of the note to Webb, but he denies "that Webb, in any way or manner, for any consideration or otherwise, ever sold or delivered said note to the plaintiff, and he denies that the plaintiff is or ever was the owner, or in his own right the holder, of the said note;" and for a further answer the defendant set up the facts below in this opinion stated. Upon the trial in the circuit court, the learned circuit judge, on the objection of the respondent, excluded all evidence concerning the origin or consideration of said note, and decided that the defendant's answer did not state facts sufficient to constitute a defense or counterclaim on the ground of fraud in its inception or connected with the consideration for the same. To this ruling the defendant excepted, and, after hearing some evidence in the case as to the transfer of the note from Webb to the plaintiff, the learned judge directed a verdict in favor of the plaintiff for the whole amount of the note. To this direc-

tion the defendant also excepted. Upon this appeal the learned counsel for the appellant alleges as error these rulings of the circuit judge on the trial.

We are of the opinion that the learned circuit judge was right in holding that the defendant's answer did not state facts sufficient to constitute a defense or counterclaim on the ground of fraud in its inception.

The substance of the answer is that the note in question was given as the consideration for a transfer of the undivided half of a stock of goods by R. B. Webb to the defendant. The allegations are that R. B. Webb, at and before the transfer, held the apparent title to said goods as his individual property, but that in fact he held the undivided half of said goods in trust for one George Travis; that said Travis and B. E. Webb had theretofore been partners doing business as such, and were largely indebted, and that they conveyed the stock of goods to R. B. Webb with intent to defraud their creditors, and that said Webb held them in trust, one half for said Travis; that Travis became dissatisfied with the manner in which Webb carried on the business, and he procured said Webb to make a formal sale of one half of said goods, together with one half of the assets and good-will of the business, to the defendant in trust for said Travis, so that Travis' interest thereafter might be represented by the defendant in the further prosecution of the business; and that the business be prosecuted in the name of Webb & Kelley, and that the business was thereafter prosecuted in the name of Webb & Kelley.

The answer further alleges that the defendant in fact had no interest in said goods, and paid no consideration therefor, but, in order to give color thereto as a *bona fide* transaction, the defendant made and delivered to said Webb, as apparent consideration for such transfer, his three notes for $1,500 each, and each payable to the order of the said R. B. Webb, all of which notes the said R. B. Webb was, by the

terms of said agreement, immediately to indorse over to the said George Travis, who was then to destroy them all, and never assert them against this defendant; that said Webb did then and there, immediately, and in the presence of this defendant, indorse all of said notes to said George Travis, in the following form, on the back of each in writing, viz.:

" Without recourse pay to the order of George Travis.

"R. B. WEBB."

and then and there delivered all of said notes to the said George Travis, and 'that the notes mentioned in the plaintiff's complaint is one of said notes.

The answer further alleges that no consideration passed to the defendant for any of said notes, and that the said George Travis, with knowledge of all the facts, in order to compel the defendant to pay said notes, has procured the plaintiff in this action to take the said note and institute this action thereon in his own name, in order to defraud the defendant and compel him to pay the same; and further alleges, upon information and belief, that the plaintiff's possession of said note is in trust for the said George Travis, and not in his own right, and that the plaintiff never paid any consideration therefor.

If it be admitted that the sale of the undivided half of the stock of goods by R. B. Webb to the defendant was a valid contract as between the contracting parties, then it is apparent that there was a sufficient consideration for making the note upon which the action is founded, and the claim that there was no consideration for the making of the note is contradicted by the facts set up in the answer. It seems to be equally clear that, if the whole transaction is not void as between the parties, then the other facts stated in the answer constitute no defense to the note, because it is not admissible to show a contemporaneous parol agreement between the parties to the note that it was not to be in force as between the parties. The statements in the answer are substantially

that, although the notes were to be given and executed by the defendant, payable to the order of Webb, yet it was understood and agreed that they were not to be of any force against the defendant, but were to be immediately transferred to Travis, and then destroyed. This evidence is clearly in contravention of the well-established rule of law that parol evidence of matters which take place before or at the time of making a written contract cannot be received to nullify or vary the written contract made by the parties. This rule has been applied by this and other courts to promissory notes. *Cooper v. Tappan,* 4 Wis. 362; *Gregory v. Hart,* 7 Wis. 532; *Racine Co. Bank v. Lathrop,* 12 Wis. 466; *Jones v. Keyes,* 16 Wis. 563; *Peterson v. Johnson,* 22 Wis. 21; *Charles v. Denis,* 42 Wis. 56; *Eaton v. McMahon,* 42 Wis. 484; *Hunt v. Adams,* 7 Mass. 518, 522; *Erwin v. Saunders,* 1 Cow. 249; *Payne v. Ladue,* 1 Hill, 116; *Brown v. Hull,* 1 Denio, 400. As we understood the argument of the learned counsel for the appellant in this case, they do not contend that the answer stating the facts as to the consideration of the note shows any defense to the action, unless it be held that the transaction, as set out therein, shows that the note is void in law because it was given upon a transfer of the property of Travis made for the purpose of defrauding his creditors.

The suggestion made in the brief of the learned counsel for the appellant, that the facts set up in the answer show that there was no delivery of the note to the payee therein named, it seems to us is wholly unsupported. The allegations are that the note was delivered to Webb, and that he immediately indorsed it payable to Travis, and delivered it to him.

The point mainly relied upon by the learned counsel for the appellant was that the note is void because given as a part consideration for a transfer of property made to the defendant for the purpose of defrauding the creditors of

the owner of the property so transferred. The point was, we think, decided by this court against the appellant in *Clemens v. Clemens*, 28 Wis. 637. In that case, after mature consideration, it was held that a sale of property made by a debtor for the purpose of defrauding his creditors, although void as to the creditors who should seek to subject such property to the payment of their debts, was valid as between the parties to such fraudulent contract. This decision is in strict accord with the language of the statute. Sec. 2320, R. S. 1878. This statute declares such contracts void as to creditors only, and not void as to all parties and for all purposes. The case of *Clemens v. Clemens* is sustained by a large preponderance of the decisions of other courts upon similar statutes. The following cases fully sustain the ruling of this court in that case: *Butler v. Moore*, 73 Me. 151; *Bryant v. Mansfield*, 22 Me. 360; *Drinkwater v. Drinkwater*, 4 Mass. 357; *Osborne v. Moss*, 7 Johns. 161; *Hawes v. Leader*, Cro. Jac. 270; *Roberts v. Roberts*, 2 Barn. & Ald. 367; *Dearman v. Ratcliffe*, 5 Ala. 192; *Douglas' Lessee v. Dunlap*, 10 Ohio, 162; *Stephens v. Harrow's Heirs*, 26 Iowa, 458; *Beebe v. Saulter*, 87 Ill. 518; *Gary v. Jacobson*, 55 Miss. 204; *Garner v. Graves*, 54 Ind. 188; *Ybarra v. Lorenzana*, 53 Cal. 197; *Dyer v. Homer*, 22 Pick. 253, 258; *Harvey v. Varney*, 98 Mass. 118; *Carpenter v. McClure*, 39 Vt. 9, 16; *Butler v. Hildreth*, 5 Met. 49; *McLean v. Weeks*, 65 Me. 411, 418; *Fairbanks v. Blackington*, 9 Pick. 93; *Murphy v. Hubert*, 16 Pa. St. 50; Hilliard on Sales, 459, 460. See Benj. on Sales (3d Am. ed.), 476, notes, and cases cited.

The allegations in the answer show that there was a transfer to the defendant, which was duly executed by the persons in possession of the goods, and that since such transfer the business has been carried on in his name as a partner in the business. There was therefore a good consideration for the notes given. There is nothing in the answer which shows that there has been a failure of con-

sideration since the giving of the notes. So far as the answer shows, the title and possession of the goods still remain in the defendant and his partner, Webb, and not in the possession of Travis, for whose benefit it is alleged the transfer was made. Had Travis taken possession of the goods, and converted them to his own use, after the transfer was made to the defendant, such act, assented to by Webb, might have shown a failure of consideration, and such facts might perhaps be shown as a defense to the notes. See *Bowes v. Foster*, 2 Hurl. & N. 779; *Dyer v. Homer*, 22 Pick. 253, 261.

It is urged that sec. 4437, R. S. 1878, which provides that "any person being a party to any . . . assignment of any interest in . . . goods or things in action, . . . made or created with intent to . . . hinder, delay, or defraud creditors or other persons, and any person, being privy to or knowing of any such assignment, . . . who shall wrongfully put the same in use as having been made in good faith, shall be punished by imprisonment in the county jail," etc., renders the whole transaction between Webb and Travis and the defendant absolutely void as to all parties, and that the notes given by the defendant are void as to the parties to the contract and all other persons taking them with knowledge of the facts.

It is suggested that the attention of this court was not called to this provision of law, which was then in force, when the case of *Clemens v. Clemens* was decided, and it is urged by the learned counsel for the appellant that this section is inconsistent with the ruling in that case, and that this statute brings the case within the rule stated in *Melchoir v. McCarty*, 31 Wis. 252, and *Clarke v. Lincoln Lumber Co.* 59 Wis. 655. The rule there laid down is "that a contract made in violation of a statute is void, although the statute fails to provide expressly that contracts made in violation of its provisions shall not be valid." It is also

held that the imposition of a penalty for doing an act is in general equivalent to a prohibitory act. Benjamin, in his work on Sales (vol. 2, p. 707, 4th Am. ed.), says: "Wherever the law imposes a penalty for making a contract, it impliedly forbids parties from making such a contract." See cases cited in note 26. It will be seen, by an examination of the statutes of the states in which the courts have held contracts of the nature in question valid as to the parties, that many of them have also a statute similar to the penal statute above quoted; and in England there is and was a similar provision. But it is held that, notwithstanding this penal statute for punishing parties who attempt to defraud creditors by a transfer of the property of the debtor, such contracts are good as between the parties. If there were no law regarding such contracts except the penal act, the rule stated by this court in the case above quoted would apply, though the penal act does not expressly prohibit the making of the contract, on the presumption that the legislature intended to absolutely prohibit the making of such contracts, and so render them void as to the parties; but the same legislature which passed the penal act says that such contracts when made, shall be void only as to creditors of the grantor, and, by the strongest implication, that they shall be valid as to all other persons.

The courts have, in the interest of morality and a sound public policy, refused to enforce contracts made in violation of law; and generally have refused to enforce them when the law simply punishes the making of certain contracts, upon a presumption that the law-making power intended that all such illegal and punishable acts should be void when there is nothing in the law showing a contrary intent. In this case, however, the law-making power has declared that contracts of the nature in question shall be void only as to creditors, and good as between all other parties; and the act punishing the parties to the fraudulent contract ought

not, therefore, upon a mere presumption, to change the intent of the legislature, which declares the contract valid as to the parties. Construing the two acts together, it is the same as though there were a provision in the penal act by which it was expressly declared that, although the parties shall be punished for attempting to defraud creditors, still any transfer or sale of property made for that purpose shall be valid between the parties making it. This is the construction which has been given to this law whenever the attention of the courts has been called to the effect which the penal act should have upon it. *Carpenter v. McClure,* 39 Vt. 9, 13. In this case the court says: "If such transactions were made punishable as offenses, and the statute did not contain this section [referring to the section declaring the contract void as to the creditors only], it could more properly be urged that they were in all respects to be governed by the laws relating to prohibited transactions; but while one section prohibits the covinous contract, the other limits the resulting invalidity to the innocent parties against whose interest it is directed." We think this is the true construction to be given to the two acts, and that consequently the penal statute referred to does not invalidate the contract as between the parties.

There is another point made by the learned counsel for the appellant, viz.: that the learned circuit court erred in not submitting the question to the jury upon the issue made by the pleadings as to the ownership of the note. The testimony of the defendant showed such a state of facts as disproved the plaintiff's ownership of the note. It is true, the evidence on the other side, if true, showed that the plaintiff was the owner. It was not the province of the court to determine which of the witnesses testified truly, and that question should have been submitted to the jury. Under the evidence in the case it was material to the defendant that the action should have been brought in the

AUGUST TERM, 1886.	461

name of Travis or Webb, if either of them were the real owner of the note. At all events, the issue upon the ownership was a material one; and, the evidence being conflicting, it was error to direct a verdict in favor of the plaintiff on that issue.

*By the Court.*— For this error the judgment of the circuit court is reversed, and the cause remanded for a new trial.