## BONNER v. AMERICAN BREWING COMPANY.

[No. 10,381.   Filed January 5, 1921.   Rehearing denied March
16, 1921.   Transfer denied May 13, 1921.]

1. INTOXICATING LIQUORS.—*Brewery Guaranteeing Loan of Liquor License Fee.—Saloon Keeper's Promissory Note Evidencing Contingent Liability. — Validity. —* A transaction between a saloon keeper and a brewing company whereby the latter undertook to loan the former its credit by guaranteeing the payment of a loan from the bank to the saloon keeper of the money necessary to pay for his liquor license, being a plain attempt to contravene the policy of the Act of 1911 (Acts 1911 p. 244) concerning intoxicating liquors, was against public policy, and the saloon keeper's note, given to the brewing company as evidence of his contingent liability, is void.   p. 542.

2. INTOXICATING LIQUORS.—*Saloon Keeper's Note Given in Illegal Transaction.—Payee's Right to Relief.—Pleading Illegality.—*A recovery will not be allowed on a saloon keeper's note to a brewing company for guaranteeing a loan to obtain a retail liquor license, even though the illegality of the consideration was not pleaded, where such illegality appeared in the course of the action.   p. 542.

From Marion Superior Court (106,413) ; *Theophilus J. Moll,* Judge.

Action by the American Brewing Company against Paul Bonner. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Edward W. Little, Earl W. Little* and *Frank S. Roby,* for appellant.

*Thomas D. McGee,* for appellee.

McMAHAN, J.—Complaint by the American Brewing Company, hereafter designated appellee, upon three promissory notes and to foreclose a mortgage. The cause was tried by the court. The facts were found specially, and in so far as are necessary to this appeal are in substance as follows:

On October 22, 1914, appellant was indebted to appellee on an open account, and as evidence of such indebtedness executed two notes, one for $486.65 and the

other for $292.67.    Appellant was a saloon keeper engaged in the sale of intoxicating liquors.    On or before said day he solicited appellee to lend him $970 with which to secure his liquor license.    The president of appellee promised to assist appellant in procuring such loan and to guarantee the repayment of such loan, when effected.    In consideration of such promise, appellant executed and delivered to appellee a note for $970.   Thereupon appellee arranged with a certain bank to lend appellant the $970, appellee guaranteeing the repayment of the note which appellant gave to the bank. This note was renewed from time to time.

The note for $970 which appellant gave to appellee was given as an evidence of the contingent liability of appellee on account of it having guaranteed the repayment of the loan of $970 made by the bank to appellant. Appellant gave appellee a mortgage upon certain real estate to secure the payment of said three notes payable to appellee.    This action was commenced May 3, 1917, at which time the notes for $484.65 and $292.67 were due and unpaid.    The last renewal note given by appellant to the bank was dated March 10, 1917, and was due May 9, 1917.    May 18, 1917, and after the commencement of this action, appellee discharged its guarantee to the bank in accordance with its promise by paying the bank $971.48 and thereupon the bank assigned the last renewal note appellant had given the bank, without recourse to appellee.    No part of the payment by appellee to the bank has been repaid by appellant.    Each of said notes provided for a reasonable attorney's fee, and the court found that reasonable attorney's fee on account of suing on the said note and foreclosing said mortgage was $200, $100 of which was the value of the fee on account of the $970 note.    Upon these facts the court concluded as a matter of law that there was due appellee on account of the first note the

sum of $643.95; that there was due on the second note $391.20; and on account of the $970 note $1,264, and that the mortgage described should be foreclosed and the real estate therein mentioned should be sold to pay said indebtedness.

Appellant excepted to the several conclusions of law and after judgment, appealed and by proper assignment challenges the correctness of the conclusion of law, wherein the court concluded that appellee was entitled to recover $1,264 on account of said note for $970.

The transaction between appellant and appellee wherein appellee undertook to loan appellant its credit by guaranteeing the payment of a loan from the bank to appellant of the necessary money with which to pay for his liquor license was against public policy, and the note for $970 which appellant gave appellee as evidence of appellant's contingent liability to appellee was void. It was a plain attempt to contravene the policy of the 1911 act "concerning intoxicating liquors" (Acts 1911 p. 244, §8323w *et seq.* Burns 1914).

Appellee contends that appellant cannot take advantage of the illegality of the consideration, since no answer of illegality was filed. This court, in the recent case of *Marks* v. *Conrad Seipp Brewing Co.* (1920), 74 Ind. App. 50, 128 N. E. 620, held that such a defence need not be pleaded when it appears in the process of the action that the contract sued upon is one which the law forbids. The court there quoted from *Overshiner* v. *Wisehart* (1877), 59 Ind. 135, where the court in speaking on this subject said:

"The court should have dismissed the case, even though the defendant did not claim any relief from the fraud; not because he is more favored than the plaintiff, but because both are equally culpable."

The law in such cases leaves the parties where it finds them. No court should consciously give aid toward the enforcement of an illegal contract. The authorities on this subject are collected and reviewed by the court in the Marks case, *supra,* and on the authority of that case we hold that the court erred in its conclusion that any sum was due appellee on account of the said note for $970. The court should have concluded as a matter of law that the said note was given for an illegal consideration and was therefore void, and that appellee was not entitled to recover anything on account of such note.

Judgment reversed, with direction to the court to restate its conclusions of law in accordance with this opinion and to render judgment accordingly.